This is a Common Law Writ of Certiorari to review the order of Honorable H. Randall Thomas ordering Petitioner to testify before the Montgomery County Grand Jury following a grant of immunity. The issue before this Court for determination is whether the order granting immunity is beyond the scope of the immunity statute which grants the immunity. We hold that it is and reverse the case.
The controlling statutes are found in Sections 37-8-1,37-8-2, 37-8-3, and 37-8-4, Code of 1975. The sections follow: *Page 1190 
 "(a) Any utility doing business in this state or any of its authorized agents, officers or employees who knowingly or willfully violate or procure, aid or abet a violation of any lawful order or decree of said commission shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than $1,000.00 for each offense. In the case of a violation of said commission's orders or decrees, each day's violation shall be deemed to be a separate offense.
 "(b) Every officer, agent or employee of any common carrier or corporation who shall violate or who procures, aids or abets any violation of, or who shall fail to obey, observe or comply with any order of the public service commission or any provisions of any order of the commission, or who procures, aids or abets any such common carrier or corporation in its failure to obey, observe and comply with any such order or provision shall be guilty of a misdemeanor and, upon conviction, shall be fined a sum not exceeding $500.00 for each offense, to be fixed by the court or judge trying the case."
 "Any officer, agent or employee shall be subject to indictment or prosecution in any county in which a subordinate agent or employee of a common carrier violates any of the provisions of this Code relating to the public service commission, or any rule or order of the commission by the direction or in consequence of the direction of such officer, agent or employee."
 "The agent or employee who locally, in any county, violates any of the provisions of this Code relating to the public service commission or any of the rules or orders of the commission, in pursuance of the direction or authority of his superior officer or agent of the common carrier, may be called as a witness and be compelled to testify, showing the authority by which he acted, and such testimony shall not be used against him, nor shall he thereafter be subject to indictment for said offense."
 "Witnesses before the grand jury, summoned to give evidence of any violation of this title, may be required to answer generally as to any such offense within their knowledge committed within 12 months next preceding, without being specially interrogated as to any particular offense, but no witness shall be prosecuted for any offense as to which he testifies before the grand jury, and any member of the grand jury or district attorney may be a witness to prove this fact."
Petitioner is presently under indictment in the United States District Court for the Northern District of Alabama, styledUnited States of America v. Drummond Coal Company, et al., Case No. Cr 79-M-00276-5. He is charged with conspiring to participate in the affairs of an enterprise through a pattern of racketeering activity, such as mail fraud, bribery, wire fraud and extortion, condemned by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.
In obedience to three subpoenas duces tecum Petitioner appeared before the Montgomery County Grand Jury on March 7, 1980, and was sworn by the Foreman. He then refused to answer questions posed to him by the District Attorney on the ground that his testimony might tend to incriminate him.
Section 37-8-3, Code 1975, supra, is limited and restrictive and provides immunity with respect to testimony concerning witness' violation of the penal provisions of the law governing the Public Service Commission perpetrated while an employee of a Common Carrier and at the direction of a superior officer or agent of the common carrier. However, the Court ordered Petitioner to testify before the Grand Jury with respect to any violation of the Code of Alabama which would relate to the Public Service Commission, or any Commissioner, employee or agent of the Commission, without limitation to the offense, perpetrated by Petitioner either at the direction of a superior officer or agent of a common carrier.
The lower court concluded that the scope of Section 37-8-3, supra, is not limited to *Page 1191 
testimony concerning violations of the penal provisions of the Public Service Commission but also includes testimony concerning the violations of any other penal provisions appearing in the Alabama Code relating directly or indirectly to the Public Service Commission.
The order of the lower court is overbroad, unrestrictive and unlimited. It should have been confined to the violations set forth in Section 37-8-1, Code 1975, supra.
There is no general grant of immunity under the laws of this State. Immunity is provided only by specific legislative enactments, and it stops there. Grant of immunity as the basis for compelling a witness to give testimony which might be used in a prosecution against him is valid only if it is coextensive with the scope of the privilege against self-incrimination.
The constitutional privilege against self-incrimination protects a state witness against incrimination under federal as well as state law and a federal witness against incrimination under state as well as federal law so long as the grant of immunity is confined within the scope of the specific statute granting such immunity. See Murphy v. Waterfront Commission ofNew York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678.
We hold the trial court went beyond the scope of the applicable statutes relating to the Public Service Commission in granting Petitioner immunity in compelling him to testify before the Montgomery Grand Jury. Undoubtedly, Petitioner can be compelled to testify before the Grand Jury but only as to the offenses prescribed in Section 37-8-1, Code of 1975, and no other offenses contained in other provisions of the Code relating to the authority of the Commission.
REVERSED AND REMANDED.
All the Judges concur.